Date signed October 21, 2010



E. STEPHEN DERBY
U. S. BANKRUPTCY JUDGE

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND
AT BALTIMORE

| | | |
|---|---|---|
| In re: | * | |
| | * | |
| JOHN C. DAVIS, | * | Case No. 10-10877-DK |
| RENEE B. DAVIS, | * | |
| | * | |
| Debtors. | * | |
| | * | |
| * * * * * * | * | |
| | * | |
| SHORE BANK, | * | |
| | * | |
| Movant, | * | |
| Vs. | * | |
| | * | |
| JOHN C. DAVIS, | * | |
| RENEE B. DAVIS, | * | |
| | * | |
| Respondents. | * | |
| | * | |

### MEMORANDUM DETERMINING AMOUNT OF CREDITOR'S ATTORNEYS FEES AND EXPENSES INCURRED IN PROSECUTING MOTION FOR RELIEF FROM STAY

Shore Bank moved for relief from stay as to real property identified as Lot 2, Riverbank Drive, Salisbury, Maryland. The parties agreed to all terms of a consent order to resolve Shore Bank's motion, including that Shore Bank was entitled to recover attorneys fees and expenses incurred in connection with the motion, except for the amount of those

1

attorneys fees and expenses.  Debtors objected to the amount of the legal fees and expenses claimed by Shore Bank's law firm.  The parties agreed to submit the amount of legal fees to the court for resolution pursuant to an affidavit of Shore Bank's counsel that contained a detailed statement of legal services provided.

The subject Promissory Note obligated the borrowers to pay the lender's attorneys' fees and collection expenses, including those incurred in a bankruptcy proceeding.  Implied in this obligation is a standard of reasonableness.

Shore Bank claims $9,864.00 in legal fees, plus $917.21 in disbursements, i.e. a total of 10,781.21.  The hourly rate charged by its principal attorney, Mr. Musgrave, is $410 per hour, and the hourly rate of the junior attorney on the file is $220 per hour.

Debtors are in shell shock over the amount claimed for legal fees and expenses.  They consider it much too high to be reasonable.  It is frustrating for them to be required to pay not only the loan arrearages and legal fees and expenses of their attorney, but also the legal fees and expenses of Shore Bank for proceeding against them.  The more they object, the higher Shore Bank's legal fees become.

The agreed arrearage, exclusive of legal fees and expenses, as of September 21, 2010 to bring the Promissory Note current was $17,608.97.  The legal fees and expenses claimed by Shore Bank would add $10, 781.21, more than 61%, to the arrearage.  However, from Shore Bank's perspective, the total owed under Debtors' Promissory Note as of September 21, 2010, exclusive of legal fees and expenses, was $237,178.13, and these legal fees and expenses are less than 5% of the outstanding debt.

There is no question that the legal fees and expenses claimed by Shore Bank for its motion for relief from stay are many times the fees claimed and allowed to a secured creditor for a motion for relief from stay in a typical Chapter 13 consumer payment plan case.  However, Chapter 13 is not the proper basis for comparison. This is a Chapter 11 reorganization case, and more sophisticated ramifications are the norm for creditors in Chapter 11 reorganization cases.

Shore Bank's attorneys are associated with a large Baltimore law firm.  Their hourly rates are much higher the court sees being charged by attorneys on the Eastern Shore in consumer bankruptcy cases.  However, the fact that their hourly rates are higher than local bankruptcy attorneys does not make them unreasonable.  Mr. Musgrave, in his supporting affidavit, has sworn that the hourly rates he has used:  "… are counsel's normal and customary hourly rates charged to clients."  This is a proper standard for determining reasonableness.

Debtors have not filed an objection to any of the specific legal services or expenses detailed by counsel for Shore Bank.   The court has reviewed the description of legal services provided.  Except for the limited entries discussed below, the legal services rendered all appear to be in connection to prosecution of the motion for relief from stay; they do not appear to be excessive or unnecessary; and the time expended does not seem duplicative or beyond reasonableness.  Further, the itemized expenses are in categories for which reimbursement of expenses is recognized by this bankruptcy court.  See the compensation guidelines in Appendix D to the Local Bankruptcy Rules for the District of Maryland.

There are a limited number of entries where the court concludes a downward adjustment is warranted, however.  First, fees incurred after the revised consent order was filed resolving the subject motion for relief from stay outside the scope of the consent order.  They may relate to implementation of or compliance with the consent order, but they are not part of resolving the motion for relief from stay.  Whether they are due from Debtors within the terms of the Promissory Note is for another day.  This reduction is $205.

Second, Mr. Musgrave has charged four hours for each of two court appearances for scheduled hearings.  On neither date was there a contested hearing.  On the first date the parties reported their initial settlement, and at the second hearing counsel reported the parties remained in agreement, except for the amount of Shore Bank's claim for attorneys fees, which the court suggested be submitted separately in writing.  Counsel concurred.  On neither occasion was Mr. Musgrave in court for more than ½ hour.  Even allowing for negotiations in the hall, one hour is all that appears reasonable for the court appearance on each occasion.  The balance of three hours appears to have been for travel from Baltimore to Salisbury and return.

In his affidavit, Mr. Musgrave states:  "The legal fee statements reflect a discount for travel time from counsel's Baltimore Office to the Bankruptcy Court in Salisbury, Maryland, and from the Bankruptcy Court in Salisbury, Maryland to counsel's Baltimore Office." The amount or formula for this discount is not provided.  The court believes a substantial discount from standard hourly rates for travel time to and from Salisbury is required.  While lenders have a right to legal counsel of their choice, it is not reasonable for debtors to be forced to bear the financial burden of travel time during which no legal services are

4

being provided.  Therefore, the court will allow reimbursement for travel time on each occasion at 25 % of the customary hourly rate for Shore Bank's counsel to travel from Baltimore to Salisbury and return.  Both Google Maps and Travel Quest project such travel time to be 2.25 hours each way, a total of 9 hours for both appearances.  The fee recognized for Mr. Musgrave's travel will be calculated as follows:  $410 hourly rate times 25% times 9 hours, or $922.50.  He has claimed 6 hours for travel times $410, i.e. $2,460.00.  The reduction is the difference, i.e. $1,537.50.

The total amount of legal fees attributable to the motion for relief from stay that the court finds reasonable after these reductions is $8, 121.50.  With the itemized disbursements added, the total for which the Debtors are responsible in connection with the instant motion is $9,038.71.

While this amount may still seem high, it is reasonable.  What has caused the seemingly high fee is counsel's customary hourly rate charged to clients, compounded by the increase in hours caused by counsel's need to prepare for two contested hearings in this matter that ultimately did not occur.  The hourly rates are reasonable for attorneys in large firms that practice commercial law, and it is certainly reasonable to prepare for a hearing until an agreement has been made that negates the need for a hearing.

A separate order will be entered that reflects the conclusions reached in this Memorandum.

cc: Michael E. Crowson, Esquire
The Law Firm of Ann Shaw, P.A.
212 W. Main Street, Suite 303
Salisbury, Maryland   21801

Mr. and Mrs. John C. Davis
26491 Riverbank Road
Salisbury, Maryland   21801

David S. Musgrave, Esquire
Jeffrey S. Greenberg, Esquire
Ober, Kaler, Grimes & Shriver, P.C.
120 E. Baltimore Street, Ninth Floor
Baltimore, Maryland   21202

U.S. Trustee
Garmatz Federal Courthouse
101 W. Lombard Street, Suite 2625
Baltimore, Maryland   21201

**END OF OPINION**